IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHIROLYN MOFFETT                                                                          PLAINTIFF

VS.                                             CASE NO. 08-CV-4046

SARAH ROBERTSON                                                                       DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion for Remand.  (Doc. No. 3).  The Defendant has responded.  (Doc. No. 6).  The matter is ripe for consideration.

On May 13, 2008, the Plaintiff filed this action in the Circuit Court of Boone County, Arkansas.  The Complaint sought payment of a debt owed by the Defendant to the Plaintiff in the amount of $33,315.93, along with interest and attorney fees.  On June 5, 2008, the Defendant filed a Notice of Removal to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff has filed a motion to remand, contending that federal jurisdiction is lacking because the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) has not been met.

A federal court is a court of limited jurisdiction. A case may be removed from state to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  Original jurisdiction exists when the case involves a federal question or diversity jurisdiction exists.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists when the controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  After

a case is removed to federal court, a plaintiff may move to remand to state court if there is a defect in the removal process or if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The court's removal jurisdiction must be strictly construed and all doubts resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir.2007).

In this case, it is undisputed that diversity of citizenship exists. Here, the question is whether the $75,000 amount in controversy is met. The party asserting federal jurisdiction and opposing remand has the burden of showing that the amount in controversy requirement is satisfied. *In re Bus. Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir.1993). In order to make this determination, the courts look to the plaintiff's pleadings at the time of removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Company,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). When the complaint sets forth a specific amount, that amount controls if it was made by the Plaintiff in good faith. *Id.* When it sets forth a specific amount that is lower than the jurisdictional amount, the defendant "must show that it appears to a legal certainty that the amount in controversy" exceeds the jurisdictional minimum. *Dyrda v. Wal-Mart Stores, Inc.,* 41 F.Supp.2d 943, 946 (D.Minn. 1999). Under this standard, the defendant must show more than a likelihood that the plaintiff will recover more than the jurisdictional amount. He must show that any amount less than the jurisdictional amount is outside the range of possible awards. *City of University City, Missouri v. AT & T Wireless Services, Inc.,* 229 F.Supp.2d 927, 931 (E.D.Mo. 2002)(citing Wright, Miller & Cooper, *Federal Practice & Procedure* § 3702 (2d ed.1987))

Here, the Plaintiff has alleged in her complaint a sum certain for damages. She is seeking payment of a debt owed by the Defendant to the Plaintiff in the amount of $33,315.93, along with interest and attorney fees. Plaintiff contends that this amount is far less than the required

amount needed for federal jurisdiction, therefore, the case should be remanded to state court. The Defendant has responded by pointing to the fact that the original amount of the promissory note on which this case is based was $176,757.54.  She also points out that she has filed a counterclaim on the note in which she seeks damages of $125,000, exclusive of interest and costs.

After reviewing the pleadings, the Court finds nothing that would indicate that the specified amount of damages alleged in Plaintiff's Complaint was made in bad faith.  There is also nothing that would indicate to a legal certainty that the Plaintiff would recover more than $75,000 in this case.  Therefore, the Court is satisfied that the amount in controversy requirement of 28 U.S.C. § 1332(a) has not been met  The Court lacks subject matter jurisdiction of this case and it must be remanded to state court.

For the reasons stated herein, the Court finds that the Plaintiff's Motion to Remand shuld be and hereby is **granted**.  This matter is hereby **remanded** to the Circuit Court of Boone County, Arkansas for a proper adjudication of the issues in this case.

IT IS SO ORDERED, this 26th day of January, 2009.

    /s/Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge

3